USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/26/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
DRYWALL TAPERS AND PAINTERS OF GREATER :
NEW YORK LOCAL UNION 1974, AFFILIATED :
WITH INTERNATIONAL UNION OF ALLIED :
PAINTERS AND ALLIED TRADES, AFL-CIO AND : 25-cv-04253 (LJL)
TRUSTEES OF THE DRYWALL TAPERS AND :
PAINTERS LOCAL UNION NO. 1974 BENEFIT : OPINION AND ORDER
FUNDS, :
:
                 Plaintiff, :
:
      -v- :
:
GREENBUILD LLC, :
:
                 Defendant. :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Petitioners Drywall Tapers and Painters of Greater New York Local Union 1974, Affiliated with International Union of Allied Painters and Allied Trades, AFL-CIO (the "Union") and Trustees of the Drywall Tapers and Painters Local Union no. 1974 Benefit Funds (the "Trustees" and with the Union, "Petitioners") petition this Court, pursuant to Section 9 of the Federal Arbitration Act ("FAA" or "§ 9"), 9 U.S.C. § 9 et seq., to confirm an arbitral award entered by the Joint Trade Board against Respondent Greenbuild LLC ("Respondent"). See Dkt. No. 1 ("Petition"). The Petition is unopposed. For the following reasons, the Petition is granted.

**BACKGROUND**

The following facts are undisputed.

The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185. Dkt. No. 1 ¶ 2. The Trustees are the fiduciaries of jointly administered, multi-employer, labor management trust funds (the "Funds") as defined by Section 3(21)(A) and

Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(21)(A), 1132(a)(3).  *Id.* ¶ 3.  The Funds are employee benefit plans and multi-employer plans established and maintained by various employers pursuant to the Union's collective bargaining agreements.  *Id.*  Respondent is a New York corporation who was a party to a collective bargaining agreement with the Union.  *Id.* ¶¶ 4–5.

On December 10, 2024, the Union served Respondent with a Notice of Intention to Arbitrate before the Joint Trade Board (the "Board"), Dkt. No. 5-3 at 6–9, pursuant to Article XIV of the collective bargaining agreement ("CBA") between the Union and the trade association of which Respondent is a member, Dkt. No. 5-2 at 54–55.  The Notice indicated that a hearing before the Board was scheduled to take place on January 28, 2025 at 11:00 am.  Dkt. No. 5-3 at 6–9.  The Union alleged that Respondent had violated three provisions of the CBA:

1. Article XX and Article XIII Section 6 Violation 9: failure to submit fringe benefits for work performed by Union member Essam Saad.

2. Article XI and Article XII Section 6 Violation 1: failure to register two jobs in the Bronx.

3. Article XX and Article XIII Section 6 Violation 8: failure to submit remittance reports.

*Id*.  Respondent did not reply to the Notice and did not appear at the hearing, Dkt. No. 5-1 at 3, which took place as scheduled, *id*. at 2.

On February 13, 2025, the Board issued its decision ("Award"), finding Respondent guilty of each of the alleged offenses.  *Id*. at 4–5.  For failing to submit fringe benefits, the Board directed Respondent to pay $33,298.27 in benefits and a $2,000 fine.  *Id*. at 4.  For failing to register a job, the Board directed Respondent to pay $2,750.00 in fines.[1]  *Id*.  And for failing to

---

[1] The Board also authorized the Union to "implement fifty percent (50%) of labor from Local 1974 for the life of the Agreement."  *Id*.  Petitioners seek no relief in connection with that portion

2

submit remittance reports, the Board directed Respondent to pay a fine of $7,500.00. *Id*. Respondent was directed to pay the $33,298.27 for failure to submit fringe benefits to the Local 1974 Benefits Fund and to pay the $12,250.00 for failure to register a job and failure to submit remittance reports to the Joint Board of the Drywall Taping Industry within ten days. *Id*. at 4–5.

On the same day that the Board issued the Award, attorneys on behalf of the Union sent a letter to Respondent, notifying Respondent of the Award and enclosing a copy of it. Dkt. No. 5-4 at 2. After Respondent failed to comply with the Award, the attorneys sent Respondent a Demand Letter, dated March 3, 2025, and another copy of the Award. Dkt. No. 5-5 at 2. The Demand Letter sought compliance with the Award by March 17, 2025. *Id*. The letter also indicated that, should Respondent fail to comply with the Award by that date, the Union would withhold labor from Respondent, pursuant to Article XXII of the CBA, and would initiate litigation against Respondent. *Id*. at 2–3. Respondent has, to date, failed to comply with the Award. Dkt. No. 1 ¶ 14.

On May 21, 2025, the Union filed this action to confirm the Award, which would enable the Union to enforce the Award against Respondent. Dkt. No. 1. Service was effected on Respondent on July 25, 2025. Dkt. No. 19. Respondent has neither appeared in this action nor filed a brief in opposition. The Court accordingly considers the petition to confirm the Award unopposed.

## DISCUSSION

The Second Circuit has held that when a party has submitted an uncontested petition to confirm an arbitral award, courts should treat the petition and accompanying materials "as akin to a motion for summary judgment based on the movant's submissions." *D.H. Blair & Co., Inc.*

---

of the Award.

*v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Courts must "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Id*. at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)) (internal quotation marks omitted). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary material is presented." *Id*. (emphasis omitted). The burden in such cases is not onerous. "The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'" *Id*. (quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)). The Court's review of arbitration awards is "very limited" so as to "avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Willemijn Houdstermaatchappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted).

      The Court has examined the Petition and the supporting materials and regards them as an unopposed motion for summary judgment. The Court has subject matter jurisdiction over this action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. *See Loc. 802, Associated Musicians of Greater New York v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998) ("Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards."). The Court can lay venue because the Award was made in this District. Dkt. No. 5-3 at 6-9. *See D.H. Blair*, 462 F.3d at 105 ("[T]he FAA's venue provision must be read permissively to allow a motion to confirm, vacate, or modify an arbitration award either where the award was made or in any district proper under the general venue statute.") (citing *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S.

193, 195 (2000)). The Court also has personal jurisdiction over Respondent, which, according to Petitioners, had its last known principal office and place of business in New York. Dkt. No. 1 ¶ 4.

After reviewing the applicable law and the materials submitted by Petitioners, the Court concludes that "there is no genuine dispute as to any material fact" and that Petitioners are entitled to confirmation of the Award. Fed. R. Civ. P. 56(a). *See also Drywall Tapers and Painters of Greater New York Local Union 1974 v. Precision Interiors Corp.*, 2021 WL 2258328, at *2 (S.D.N.Y. 2021). The Court also finds that Petitioners are entitled to attorneys' fees and costs as requested and incurred in connection with this action. *See International Chemical Workers Union (AFL-CIO), Local No. 227 v. BASF Wynadotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) ("As applied to suits for the confirmation and enforcement of arbitration awards, the guiding principle has been stated as follows: 'when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded.'") (citing *Bell Production Engineers Ass'n v. Bell Helicopter Textron*, 688 F.2d 997, 999 (5th Cir. 1982)); *see also Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. W.W. Timbers, Inc.*, 2020 WL 1922374, at *4 (S.D.N.Y. Apr. 21, 2020) ("Courts 'have routinely awarded attorney's fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court.'") (quoting *Abondolo v. H. & M.S. Meat Corp.*, 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008)) (collecting cases). Given that Respondent has not abided by the Award and has failed to participate in this action, the Court finds that an award of attorneys' costs and fees is appropriate. Petitioners are directed to serve and submit a request for attorney's fees and costs within fourteen days of the date of this Order

and to file proof of service on the docket. Respondent shall have seven days from the date of service to respond.

## CONCLUSION

For the foregoing reasons, the Petition is GRANTED and the Award is CONFIRMED. The Clerk of Court is directed to close Dkt. No. 9 and enter judgment is favor of Petitioners and against Respondent as follows:

(i)   Greenbuild shall pay $33,298.27 to Local 1974 Benefit Funds;

(ii)  Greenbuild shall pay $12,250.00 to Joint Board of the Drywall Taping Industry; and

(iii) Greenbuild shall pay attorneys' fees and costs incurred in connection with the Petition, as well as any costs incurred in enforcing the judgment entered by the Court.

SO ORDERED.

Dated: September 26, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

6